U. S. PRINT. & LITHO. CO. v. GRIGGS-COOPER CO.

Ohio Supreme Court.

No. 20435. Decided June 20, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

**1181. TRADEMARKS.**
Right of registrant not limited to territory where trade is established, but extends throughout states.

**291. CONSTITUTIONAL LAW—1104 Statutes.**
Sect. 16 of Trademark Act (US. Comp. St. 9501) not violative of Federal Constitution.

MATTHIAS, J.
1. By virtue of the provisions of Section 16 of the Trademark Act of 1905 (U. S. Comp. St. 9501) the rights of the registrant of a trademark thereunder are not limited to the territory where his trade in the commodity covered by the trademark is established but extend throughout the states regardless of the actual extension of trade.
2. The provisions of Section 16 of that act (U. S. Comp. St. 9501) are not violative of the Federal Constitution but authorized by Section 8 of Acticle I thereof.
Judgment affirmed.
(Day, Kinkade and Jones, JJ., concur.)

---

FREEMAN v. STATE.

Ohio Supreme Court.

No. 21060. Decided June 20, 1928.

Error to Allen Appeals.

Judgment reversed.

**803. MURDER—225 Charge of Court—333 Criminal Law.**

1. Where defendant, indicted for "purposely and wilfully" killing police officer, offers testimony that killing was done in scuffle and unintentionally, duty of court to charge degree of manslaughter.

2. Comment, contained in charge, held prejudicial.

JONES, J.
1. Where a defendant is indicted and tried for "purposely and wilfully" killing an officer under Section 12402-1, General Code, and he offers testimony tending to prove that the killing was not done purposely or wilfully, but in a scuffle and unintentionally, it is the duty of the court to charge a lesser degree than murder in the first degree; if such testimony tends to prove that such killing, although unintentional was caused by the defendant while resisting arrest, the court should charge the degree of manslaughter.

2. A comment in a charge, admonishing the jury that "the shot that shoots down an officer reverberates with the echoes of anarchy and the flame that comes from the firing of that pistol gives suggestions of chaos," coming from the bench at the close of the trial, is prejudicial and especially so where purpose, wilfulness and intentional killing were in issue.

(Allen, Kinkade, Robinson and Matthias, JJ., concur.)

CLARK v. STATE.

Ohio Supreme Court.

No. 20700. Decided June 20, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

**148. BILLS OF EXCEPTIONS—941 Practice and Procedure.**
Bill of exceptions containing mistake or omission occurring through accident or error in trial court, may be remanded to trial court for correction without remanding cause, and Supreme Court may affirm judgment without further action of Court of Appeals.

MARSHALL, CJ.
A bill of exceptions containing a mistake or omission occurring through accident or error in the trial court may when justice requires it and where the mistake or omission has not been discovered until the cause reaches this court be remanded under authority of Section 11572-a, General Code, to the trial court for correction without remanding the cause to the trial court. If upon such remand the bill of exceptions is corrected in the trial court and if such correction eliminates all errors complained of this court may affirm the judgment without further action on the part of the Court of Appeals.
Judgment affirmed.
(Day, Allen and Kinkade, JJ., concur. Robinson, Jones and Matthias, JJ., dissent.)

---

CINCINNATI (City) v. WEGEHOFT.

Ohio Supreme Court.

No. 21031. Decided June 20, 1928.

Error to Hamilton Appeals.

Appeals reversed. Common Pleas affirmed.

**799. MUNICIPALITIES—639 Injunction—865 Office and Officers.**

Courts will not restrain officers of municipality in exercise of power to select and acquire sites and erect municipal buildings, in absence of gross abuse of discretion or bad faith.

**1296. ZONING ORDINANCES—291 Constitional Law.**

Paragraph of zoning ordinance exempting city from building restrictions of ordinance, in erection and operation of city building, not unconstitutional.

KINKADE, J.
1. The courts will not restrain, by injunction, the duly elected or appointed officials of a municipality, who are duly empowered by the municipality to select and acquire sites for and to erect thereon municipal buildings, from carrying out such conferred power where there is no gross abuse of discretion or bad faith on the part of such officers, claimed or established.
2. Paragraph 7 of zoning ordinance No. 452-19 of the city of Cincinnati, exempting the city from building restrictions of the ordinance, in the erection and operation of city buildings, does not contravene any of the provisions of either the federal or state constitutions.
(Day, Allen, Robinson, Jones and Matthias, JJ., concur.)